### 10385. HENSLEY v. WATKINS.

JENKINS, P. J. Watkins sued Hensley on a promissory note for $150 which by its terms was conditioned upon the consummation of a sale by Watkins for Hensley to Scott of certain lands belonging to Hensley for the sum of $450. The defendant pleaded failure of consideration in that the sale referred to had not been effected by the plaintiff. He sought to establish by parol the existence of a disputed contemporaneous written agreement whereby it had been agreed that the sale was required to be effected not later than the month of June, 1909, whereas the defendant contended that in point of fact a sale of the land was not effected until after the expiration of that time, and then to a different party, and without the aid or assistance of the plaintiff. The evidence of the defendant himself showed, however, that when the note sued on was signed, the plaintiff delivered to the defendant a $500 bond of the Cartecay Iron Company, with the understanding that "it was to make the Scott purchase go through." The defendant admitted that he continued to hold the bond and to collect the interest thereon until he had received the entire purchase-price of the land,

$50 of which had been paid by Scott, through Watkins, and accepted by the defendant subsequently to 1909, and the remaining $400 was later paid to the defendant by Scott himself, after which the defendant turned over the $500 bond to Scott. The defendant admitted that he had thus received from Scott the entire purchase-price of the land, together with the equivalent of interest thereon by reason of the interest collected by him on the $500 bond belonging to the plaintiff. The deed when finally executed was made, with the approval of Scott, to a new and different person. The trial judge directed a verdict in favor of the plaintiff. *Held:* Irrespective of the disputed issues of fact raised by the evidence in reference to the existence of the contemporaneous written agreement, and upon the question as to whether or not the defendant had called off the deal with the plaintiff prior to the actual sale, under the admitted facts above set forth as to the defendant's subsequent conduct, he could not be allowed to dispute the claim as made; and the trial judge did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Stephens and Smith, JJ., concur.*
DECIDED DECEMBER 16, 1919.

Complaint; from Gilmer superior court—Judge Morris. February 8, 1919.

*George F. Gober, Herbert Clay,* for plaintiff in error.
*A. H. Burtz, D. W. Blair,* contra.